UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X **Docket#**
UNITED STATES OF AMERICA,     : 15-cr-00628-CBA-6
                              :
      - versus -              : U.S. Courthouse
                              : Brooklyn, New York
                              :
BILLY CHEN,                   : May 9, 2016
                 Defendant    :
------------------------------X

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE

**A    P    P    E    A    R    A    N    C    E    S:**


**For the Government:**          **Robert L. Capers, Esq.**
                                 United States Attorney

                        BY:     **Nadia Moore, Esq.**
                                **Ameet Kabrawala, Esq.**
                                **Maria Cruz Melendez, Esq.**
                                 Assistant U.S. Attorney
                                 271 Cadman Plaza East
                                 Brooklyn, New York  11201


**For the Defendant:**           **James Roth, Esq.**
                                 Stampur & Roth
                                 299 Broadway
                                 New York, NY 10007



**Transcription Service:**       **Transcriptions Plus II, Inc.**
                                 61 Beatrice Avenue
                                 West Islip, NY 11795
                                 Laferrara44@gmail.com



Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

1          THE CLERK:  Criminal Cause for Pleading, docket

2   number 15-cr-628, United States v. Billy Chen.

3          Please state your appearance for the record.

4          MS. MOORE:  Nadia Moore, Ameet Kabrawala and

5   Maria Cruz Melendez for the United States.

6          Good afternoon, your Honor.

7          THE COURT:  Good afternoon.

8          MR. ROTH:  Good afternoon, your Honor.

9          James Roth on behalf of Mr. Chen.

10         THE COURT:  Good afternoon.  We also have

11  present the interpreter.  Would you state your appearance

12  and the language?

13         THE INTERPRETER:  Patsy Ong, Cantonese.

14         THE COURT:  And previously sworn?

15         THE INTERPRETER:  Yes, your Honor.

16  (INTERPRETER PREVIOUSLY SWORN)

17         THE COURT:  All right. I would ask everyone to

18  remain seated, except for the defendant.

19         I am going to ask Ms. Williams, my law clerk to

20  administer the oath.

21  B I L L Y   C H E N

22     called as a witness, having been first duly sworn,

23     was examined and testified follows:

24         THE CLERK:  Please state your full name and

25  spell your last name for the record.

3

Proceedings

1          THE DEFENDANT:  Okay.  My name is Billy Chen.

2          THE COURT:  All right.  Mr. Chen, you should

3  understand that having been sworn, your answers to my

4  questions will be subject to the penalties of perjury if

5  you do not answer truthfully.

6          Do you understand that?

7          THE DEFENDANT:  Yes.

8          THE COURT:  All right.  And I would note that

9  the defendant has answered some of the questions in

10  English.  You're welcome to do that but the interpreter

11  is here to make sure that you fully understand everything

12  that's being said and that your responses are accurate in

13  the way you intended them.  So please feel free to use

14  the interpreter if you wish.  All right?

15          THE DEFENDANT:  Yes.

16          THE COURT:  All right.  Please be seated and I

17  just would note for the record that the order of referral

18  I have refers to a Mandarin interpreter.  I understand

19  that Ms. Ong is a Catonese interpreter.  Is there any

20  issue?

21          THE DEFENDANT:  Catonese is fine.

22          THE COURT:  Are you sure, Mr. Chen?

23          THE DEFENDANT:  Yes.

24          THE COURT:  All right.  Mr. Chen, before

25  accepting your guilty plea, there are a number of

4

Proceedings

1  questions that I have to ask you to make sure that it's a

2  valid plea.  If you don't understand any of my questions,

3  please say so and I'll either reword the question or I

4  will have the interpreter retranslate for you.

5           All right?

6           THE DEFENDANT:  Yes.

7           THE COURT:  This is Judge Amon's case.  She's a

8  United States district court judge.  And she is the judge

9  who will sentence you and make the ultimate decision as

10 to whether to accept your guilty plea.  If you wish, you

11 have the absolute right to have Judge Amon listen to your

12 plea and if you choose to do that, there will be no

13 prejudice or harm to you.

14          Do you understand that?

15          THE DEFENDANT:  I understand.

16          THE COURT:  On the other hand if you wish, I

17 will listen to your plea.  I'm a United States magistrate

18 judge.  This proceeding is being recorded.  A transcript

19 will be made of the proceeding and Judge Amon will review

20 it to decide whether to accept your plea.  She'll also

21 review it in connection with your sentence.

22          Do you understand everything that I have said

23 so far?

24          THE DEFENDANT:  Yes, I do.

25          THE COURT:  Do you wish to give up your right

5

Proceedings

1  to have Judge Amon listen to your plea and are you

2  prepared to proceed before me at this time?

3           THE DEFENDANT:  Yes.

4           THE COURT:  Do you make this decision

5  voluntarily and of your own free will?

6           THE DEFENDANT:  Yes.

7           THE COURT:  Have any threats or promises been

8  made to you to get you to agree to have me hear your

9  plea?

10           THE DEFENDANT:  No.

11           THE COURT:  And I have before me the order of

12  referral from Judge Amon.  There are a number of

13  signature lines after the judge's signature.

14           Is that your signature on the defendant's

15  signature line?

16           THE DEFENDANT:  Yes.

17           THE COURT:  Has this document been translated

18  for you and have you discussed it with your attorney?

19           THE DEFENDANT:  Yes.

20           THE COURT:  I find that the defendant's consent

21  is knowing, intelligent and voluntary.  Therefore, I am

22  prepared to proceed.

23           Mr. Chen, how old are you?

24           THE DEFENDANT:  42-years old.

25           THE COURT:  How far did you go in school?

6

Proceedings

1          THE DEFENDANT:  My schooling in America is
2   until high school.
3          THE COURT:  Are you a high school graduate?
4          THE DEFENDANT:  Yes.
5          THE COURT:  A U.S. high school?
6          THE DEFENDANT:  Ye.
7          THE COURT:  Are you able to speak and
8   understand any English?
9          THE DEFENDANT:  I know how to speak and I know
10  how to write some English.
11         THE COURT:  Have you had any difficulty
12  communicating with your attorney?
13         THE DEFENDANT:  Basically an interpreter was
14  present, so not much of any problems.
15         THE COURT:  So I take it there was no problem
16  since you had the interpreter present.
17             Is that correct?
18         THE DEFENDANT:  Correct, no problem.
19         THE COURT:  Mr. Roth, have you had any
20  difficulty communicating with your client?
21         MR. ROTH:  Not without -- with the aid of the
22  interpreter, I have had no problems.
23         THE COURT:  Mr. Chen, are you now or have you
24  recently been under the care of a doctor or a
25  psychiatrist?

7

Proceedings

1            THE DEFENDANT:  No, no.

2            THE COURT:  In the past 24 hours, have you

3    taken any drugs, narcotics, medicines or pills or drunk

4    any alcoholic beverages?

5            THE DEFENDANT:  No.

6            THE COURT:  Have you ever been hospitalized or

7    treated for substance abuse or for any mental or

8    emotional problem?

9            THE DEFENDANT:  No.

10           THE COURT:  Is your mind clear now?

11           THE DEFENDANT:  Yes.

12           THE COURT:  Do you understand what's going on

13   here now?

14           THE DEFENDANT:  Yes.

15           THE COURT:  Mr. Roth, have you discussed the

16   matter of pleading guilty with your client?

17           MR. ROTH:  have, your Honor.

18           THE COURT:  In your view, does he understand

19   the rights he'll be waiving by pleading guilty?

20           MR. ROTH:  He does.

21           THE COURT:  Is he capable of understanding the

22   nature of these proceedings?

23           MR. ROTH:  He is, your Honor.

24           THE COURT:  Do you have any doubt as to his

25   competence to plead at this time?

8

                          Proceedings

1              MR. ROTH:  None whatsoever, your Honor.

2              THE COURT:  Have you advised him of the maximum

3   sentence and fine that can be imposed and have you

4   discussed with him the effect of the sentencing

5   guidelines?

6              MR. ROTH:  I have done so, your Honor.

7              THE COURT:  Mr. Chen, have you discussed your

8   case with Mr. Roth and are you satisfied to have him

9   represent you?

10             THE DEFENDANT:  Yes, I am satisfied.

11             THE COURT:  Have you seen the indictment that's

12  been filed against you and a series of co-defendants?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Have you discussed the indictment

15  with your attorney and has it been translated or

16  explained to you through the interpreter?

17             THE DEFENDANT:  This is the copy -- yes.

18             THE COURT:  I understand that you're prepared

19  to plead guilty to Count Five of that indictment which

20  charges extortionate collection of credit conspiracy.

21             More specifically, Count Five alleges that

22  between approximately October and December of 2013, you

23  and others knowingly and intentionally conspired or

24  agreed to participate in the use of extortionate means to

25  collect and attempt to collect one or more extensions of

9

Proceedings

1  credit from an individual who is referred to in Count

2  Five as John Doe Number One.

3         In order to prove you guilty of that offense,

4  the government would have to prove the following beyond a

5  reasonable doubt.  First that at some time during the

6  approximate time period specified in Count Five, two or

7  more individuals entered into the unlawful agreement

8  charged in the indictment.

9         Second, the government would have to prove that

10  you knowingly and intentionally became a member of that

11  conspiracy, understanding its object and purpose.

12         Now in this case, the unlawful agreement

13  charged in Count Five is to use extortionate means to

14  collect an extension of credit.  In order to prove that

15  object or purpose of the conspiracy, the government would

16  have to prove the following beyond a reasonable doubt.

17         First, that as part of that conspiracy or

18  agreement, you or another co-conspirator would collect or

19  attempt to collect an extension of credit that is a loan

20  of money.

21         Second, the government would have to prove that

22  you or another co-conspirator were to use extortionate

23  means to collect or attempt to collect the extension of

24  credit.  By extortionate means that involves the use of

25  or express or implicit threat of the use of violence or

10

Proceedings

1  criminal means to cause harm to the person, reputation or

2  property of another person.

3          Finally, the government would have to prove

4  that you or your co-conspirator would participate

5  knowingly in the use of extortionate means.

6          Do you understand that charge?

7          THE DEFENDANT:  I do.

8          THE COURT:  And have you discussed that charge

9  with Mr. Roth?

10         THE DEFENDANT:  Yes.

11         THE COURT:  I now want to talk with you about

12  the rights that you'll be giving up by pleading guilty

13  but the first and most important thing you have to

14  understand is that you have a right to plead not guilty

15  even if you are guilty.

16         Do you understand that?

17         THE DEFENDANT:  I understand.

18         THE COURT:  If you plead not guilty, then under

19  the Constitution and laws of the United States, you are

20  entitled to a speedy and public trial by jury with the

21  assistance of counsel on the charges contained in the

22  indictment against you.

23         Do you understand that?

24         THE DEFENDANT:  I understand.

25         THE COURT:  You have the right to be

Proceedings

1    represented by an attorney and if necessary, to have the

2    Court appoint an attorney to represent you, not only at

3    trial but at every other stage of the proceeding.

4              Do you understand that?

5              THE DEFENDANT:  I understand.

6              THE COURT:  At the trial, you would be presumed

7    to be innocent and the government would have to overcome

8    that presumption and prove you guilty by competent

9    evidence and beyond a reasonable doubt.

10             You would not have to prove that you were

11   innocent.  And if the government failed to prove you

12   guilty beyond a reasonable doubt, the jury would have the

13   duty to find you not guilty.

14             Do you understand that?

15             THE DEFENDANT:  I understand.

16             THE COURT:  In the course of the trial, the

17   witnesses for the government would have to come to court

18   and testify in your presence.  And your attorney would

19   have the right to cross-examine the witnesses for the

20   government, to object to evidence offered by the

21   government, to compel the attendance of witnesses and to

22   offer evidence on your behalf.

23             Do you understand that?

24             THE DEFENDANT:  I understand.

25             THE COURT:  At a trial, while you would have

12

Proceedings

1   the right to testify if you chose to do so, you could not

2   be required to testify.  Under the Constitution of the

3   United States, you cannot be compelled to incriminate

4   yourself.  If you decided not to testify, the Court would

5   at your lawyer's request, instruct the jurors that they

6   could not hold that against you.

7           Do you understand that?  Do you understand

8   that, Mr. Chen?

9           THE DEFENDANT:  Yes.

10          THE COURT:  If you plead guilty and the Court

11  accepts your plea, you'll be giving up your

12  constitutional right to a trial and the other rights that

13  I have just discussed.  There will be no further trial of

14  any kind and no right of appeal from the judgment of

15  guilty.  The Court will simply enter a judgment of guilty

16  on the basis of your guilty plea.

17          Do you understand that?

18          THE DEFENDANT:  I understand.

19          THE COURT:  Mr. Chen, if you plead guilty, I

20  will have to ask you questions about what you did in

21  order to satisfy myself and Judge Amon that you are, in

22  fact, guilty of the charge to which you seek to plead

23  guilty.  And you'll have to answer my questions and admit

24  your guilt.  In that way, you will be giving up your

25  right not to incriminate yourself.

13

Proceedings

1          Do you understand that?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Are you willing to give up your

4    right to a trial and the other rights that I have just

5    discussed?

6          THE DEFENDANT:  I am willing.

7          THE COURT:  I have before me a plea agreement

8    that's been marked Court Exhibit 1.

9          Turning to the last  page of that document, Mr.

10   Chen, is that your signature on the defendant's signature

11   line?

12         THE DEFENDANT:  Yes.

13         THE COURT:  And Mr. Roth, who translated this

14   document for the defendant?

15         MR. ROTH:  Judge, I can represent to the Court

16   that Lily Lau (ph.), a certified court interpreter,

17   translated that document to my client in my office.

18         THE COURT:  And how does Ms. Lau spell her

19   first name, with one or two ls in the middle?

20         MS. MOORE:  I believe it's one.

21         MR. ROTH:  One l.

22         MS. MOORE:  Your Honor, I will just note that

23   the previous agreement that I provided Mr. Roth had a

24   date of the third point of May 6th and then I changed it

25   to May 9th, today, to reflect the plea taking place

14

Proceedings

1    today, which is at the top of page 3 but the agreement we

2    have today --

3                 THE COURT:  Yes.

4                 MS. MOORE:  -- is identical in every other

5    respect.

6                 THE COURT:  Mr. Chen, does this plea agreement

7    fully and accurately reflect your understanding of the

8    agreement you've reached with the government concerning

9    your guilty plea?

10                THE DEFENDANT:  Yes.

11                THE COURT:  Other than the promises contained

12   in this document, has anyone made any promise that has

13   caused you to plead guilty?

14                THE DEFENDANT:  No.

15                THE COURT:  Has anyone made any promise to you

16   as to what your sentence will be?

17                THE DEFENDANT:  No.

18                THE COURT:  I now want to talk with you about

19   the sentencing scheme that's applicable here.  The

20   statute that you're accused of violating in Count Five

21   carries a prison term of up to twenty years.

22                Do you understand that?

23                THE DEFENDANT:  Yes.

24                THE COURT:  In addition to a prison term, the

25   sentencing court can also impose a supervised release

15

Proceedings

1  term of up to three years.  The supervised release term

2  will follow any term of imprisonment and if you violate a

3  condition of supervised release, you could then be sent

4  back to prison for up to an additional two years.  If

5  that happened, you would not receive credit for time

6  already spent in prison, nor would you receive credit for

7  time previously served on post-release supervision.

8          Do you understand that?

9          THE DEFENDANT:  I understand.

10         THE COURT:  In addition to a prison term and

11  supervised release term, the sentencing court can also

12  impose a fine of up to $250,000.

13         Do you understand that?

14         THE DEFENDANT:  Yes.

15         THE COURT:  In addition, the Court will impose

16  a mandatory order of restitution in the full amount of

17  each victim's losses as determined by the Court.

18         Do you understand that?

19         THE DEFENDANT:  Yes.

20         THE COURT:  And I am going to ask Ms. Moore to

21  give the government's best estimate of the amount of each

22  victim's losses but in doing so, I want to emphasize to

23  you, Mr. Chen, that if there is an issue about the amount

24  of the losses, that would be a matter that would be

25  resolved by Judge Amon.

16

Proceedings

1          Do you understand that?

2          THE DEFENDANT:  I understand.

3          THE COURT:  Ms. Moore, does the government have

4   an estimate as to the amount of each victim's losses?

5          MS. MOORE:  At this time, the government's

6   estimate is $2,000.

7          THE COURT:  Again, Mr. Chen, it will be up to

8   Judge Amon to determine the amount of the losses.  I do

9   want to emphasize at this point that restitution is a

10  matter that is separate and apart from any fine the Court

11  might impose.  Restitution is intended as a remedy to the

12  victim or victims of the defendant's conduct.  A fine is

13  a penalty that's payable to the United States Treasury.

14          So the Court can require both that you pay

15  restitution to the victims of your offenses, as well as

16  imposing a fine.

17          Do you understand that?

18          THE DEFENDANT:  Yes.

19          THE COURT:  The Court will also impose a

20  mandatory $100 special assessment.

21          Do you understand that?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Another consequence of your plea is

24  an order of forfeiture in an amount to be determined by

25  Judge Amon.

17

Proceedings

1          Do you understand that?

2          THE DEFENDANT:  I understand.

3          THE COURT:  And Mr. Roth, is your client a

4    United States citizen?

5          MR. ROTH:  He is, your Honor.

6          THE COURT:  Is that's the government's

7    understanding, as well?

8          MR. KABRAWALA:  It is, your Honor.

9          THE COURT:  I now want to talk with you about

10   the sentencing guidelines.  Under the Sentencing Reform

11   Act of 1984, the United States Sentencing Commission has

12   issued guidelines for judges to consider in determining

13   the sentence in a criminal case.  In determining the

14   sentence, the Court is obligated to calculate the

15   applicable sentencing guideline range and to consider

16   that range, possible departures under the guidelines and

17   other sentencing factors, including those specified by

18   statute.

19          Mr. Chen, have you and Mr. Roth talked about

20   how the guidelines might apply to your case?

21          THE DEFENDANT:  Yes.

22          THE COURT:  You should understand that

23   Judge Amon will not be able to do the guideline

24   calculation for your case until after the probation

25   department has prepared a presentence report and you and

18

Proceedings

1   your attorney had an opportunity to read it and to

2   challenge the facts reported by the probation officer.

3            Do you understand that?

4            THE DEFENDANT:  I understand.

5            THE COURT:  You should also understand that

6   after it's been determined what guideline applies to a

7   case, the judge has the authority to impose a sentence

8   that is more severe or less severe than the sentence

9   called for by the guidelines, depending on what is a

10  reasonable sentence.

11           Do you understand that?

12           THE DEFENDANT:  I understand.

13           THE COURT:  I'm now going to ask the attorneys

14  to give their best estimate of what the guideline range

15  of imprisonment is likely to be but I want you to keep in

16  mind that the attorney's estimates are not binding upon

17  Judge Amon, even if both your lawyer and the prosecutor

18  happen to be in agreement.

19           Do you understand that?

20           THE DEFENDANT:  I understand.

21           THE COURT:  Ms. Moore, has the government done

22  a calculation under the guidelines?

23           MS. MOORE:  We have, your Honor, and our

24  current estimate is that his sentencing guidelines range

25  would be 51 to 63 months.

Proceedings

1           THE COURT:  And that assumes a criminal history

2   category of what?

3           MS. MOORE:  Of one, your Honor.

4           THE COURT:  And Mr. Roth, have you done your

5   own calculation under the guidelines?

6           MR. ROTH:  Yes, your Honor.

7           THE COURT:  And what is the result of your

8   calculation?

9           MR. ROTH:  It's the same calculation.

10          THE COURT:  And again, Mr. Chen, as I said, it

11  will be up to Judge Amon to do her own calculation under

12  the guidelines and to determine the appropriate range of

13  imprisonment.

14          Do you understand that?

15          THE DEFENDANT:  Yes.

16          THE COURT:  And let me just ask Ms. Moore, in

17  paragraph 3 you talk about reductions for acceptance of

18  responsibility.  In coming up with the 51 to 63 month

19  range of imprisonment, how much of a reduction for

20  acceptance of responsibility were you assuming?

21          MS. MOORE:  Three points, your Honor.

22          THE COURT:  And you took into consideration

23  additional conduct as specified in paragraph 2?

24          MS. MOORE:  Yes, your Honor.

25          THE COURT:  And Mr. Roth, I assume that you've

20

Proceedings

1  used a similar analysis?

2          MR. ROTH:  That is correct, your Honor.

3          THE COURT:  And Mr. Chen, it will be up to

4  Judge Amon to determine whether or not to give you the

5  benefit of a three point reduction for acceptance of

6  responsibility.

7          Do you understand that?

8          THE DEFENDANT:  I understand.

9          THE COURT:  I want to point out a particular

10  provision of this agreement.  Paragraph 4 provides in

11  substance and in part that you will not file an appeal or

12  otherwise challenge your conviction or sentence in the

13  event the Court imposes a term of imprisonment at or

14  below 71 months.

15          Now 71 months exceeds the range of imprisonment

16  that both the government and your lawyer have calculated.

17  Now under this agreement, you and your lawyer are free to

18  argue before you're sentenced that you should not be sent

19  to prison for as long as 71 months.

20          For example, I assume that you and your lawyer

21  will ask Judge Amon to give you the benefit of the three

22  point reduction for acceptance of responsibility in order

23  to bring the range of imprisonment down to 51 to 63

24  months.  Indeed, under this agreement, you and your

25  lawyer are free to argue before you're sentenced that you

21

Proceedings

1   should be sentenced below the applicable guidelines range

2   or in any event, at the low end of the applicable range,

3   not at the upper end of that range.

4            All of these good faith arguments are available

5   to you and your lawyer before you're sentenced.  However,

6   because of the language in paragraph 4 that I've just

7   summarized for you, once Judge Amon sentences you, as

8   long as he does not give you more than 71 months, that is

9   the end of the matter, even if she rejects all your

10  arguments for leniency, you have agreed that you will not

11  file an appeal or otherwise challenge your conviction or

12  sentence as long as the term of imprisonment is no more

13  than 71 months.

14           Do you understand that?

15           THE DEFENDANT:  I understand.

16           THE COURT:  You should also understand that

17  parole has been abolished and that if you're sentenced to

18  prison you will not be released on parole.

19           Do you understand that?

20           THE DEFENDANT:  Yes.

21           THE COURT:  Mr. Chen, do you have any questions

22  you would like to ask me about the charge, your rights or

23  anything else relating to this matter?

24           THE DEFENDANT:  No.

25           THE COURT:  Are you ready to plead?

Proceedings

1          THE DEFENDANT:  Yes.

2          THE COURT:  Mr. Roth, do you know any reason

3   why Mr. Chen should not plead guilty?

4          MR. ROTH:  I do not, your Honor.

5          THE COURT:  Are you aware of any viable legal

6   defense to the charge?

7          MR. ROTH:  I am not, your Honor.

8          THE COURT:  Mr. Chen, what is your plea to

9   Count Five of the indictment, guilty or not guilty?

10          THE DEFENDANT:  Guilty.

11          THE COURT:  Are you making this plea of guilty

12   voluntarily and of your own free will?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Has anyone threatened or forced you

15   to plead guilty?

16          THE DEFENDANT:  No.

17          THE COURT:  Other than the plea agreement with

18   the government that's been marked Court Exhibit 1, has

19   anyone made any promise that has caused you to plead

20   guilty?

21          THE DEFENDANT:  No.

22          THE COURT:  Has anyone made any promise to you

23   as to what your sentence will be?

24          THE DEFENDANT:  No.

25          THE COURT:  Again, Count Five charges that

23

Proceedings

1   between approximately October and December of 2013, you

2   and others knowingly and intentionally conspired or

3   agreed to participate in the use of extortionate means to

4   collect and attempt to collect one or more extensions of

5   credit from John Doe Number One.

6           Did you, in fact, do that?

7           THE DEFENDANT:  Yes.

8           THE COURT: Would you tell me in your words what

9   you did that makes you guilty of the offense charged in

10  Count Five, the conspiracy to engage in extortionate

11  collection of credit?

12          THE DEFENDANT: Between October and December

13  2014, I went to Queens to collect a debt that was owed to

14  my friend -- from Queens.  I went to a friend to collect

15  from this owner who owed my sister money.  If I weren't

16  able to collect the money, I was planning to use some

17  force.

18          THE COURT:  Was this plan you had to use force

19  part of an agreement or understanding that you had with

20  one or more other individuals?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Ms. Moore, are there particular

23  questions that you would like the Court to put to the

24  defendant?

25          MS. MOORE:  If you would just confirm with him

24

Proceedings

1  that he entered into this agreement knowingly.  I think

2  that would satisfy everything.

3          THE COURT:  Wen you agree with these others to

4  collect the debt, did you know that the intent of the

5  group was to use force in order to collect the money

6  owed?

7          MR. ROTH:  I think, your Honor, force if

8  necessary.

9          THE COURT:  Yes, to use force if necessary to

10 collect the money owed.

11         THE DEFENDANT:  Yes.

12         THE COURT:  And you knew it was wrong to enter

13 into such a plan?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Ms. Moore?

16         MS. MOORE:  Just one additional question.  If

17 you would just clarify that his agreement to use this

18 force, the force would have been used against the

19 intended victim, John Doe One.

20         THE COURT:  Well, since he is unnamed, I don't

21 know how you want to --

22         MR. ROTH:  Well, I guess we could designate him

23 as a restaurant owner.

24         THE COURT:  I think there was a business that

25 was referenced in Mr. Chen's statement.

Proceedings

1          MS. MOORE:  Yes, I guess if he would stipulate

2   that the force that he would have been using would have

3   been as to the restaurant owner.

4          THE COURT:  Is that correct, Mr. Chen?  That

5   the force if needed was to be used against the restaurant

6   owner in Queens?

7          MR. ROTH:  It started in Queens, Judge.  The

8   restaurant owner was Upstate New York in New Rochelle.

9          THE COURT:  All right.

10          THE DEFENDANT:  Yes.

11          THE COURT:  Is there anything else the

12   government would like me to ask the defendant?

13          MS. MOORE:  No, thank you, your Honor.

14          THE COURT:  Based on the information provided

15   to me, I find that Mr. Chen  is acting voluntarily, that

16   he fully understands his rights and the consequences of

17   his plea and that there is a factual basis for the plea.

18          I, therefore, recommend acceptance of the plea

19   of guilty to Count Five of the indictment.

20          Judge Amon has set this down for sentencing on

21   August 26th at 10 a.m.

22          In the interim, Mr. Chen, the probation

23   department will be preparing a presentence report.  I

24   urge you to cooperate with the probation officer.

25          Is there anything further?

26

                        Proceedings

1            MS. MOORE:  Not from the government.

2            MR. ROTH:  Not from the defense, your Honor.

3    Thank you.

4            THE COURT: All right.  Thank you very much.

5            MR. ROTH:  Thank you, Judge.  Have a good day.

6            MS. MOORE:  Thank you, your Honor.

7                 (Matter concluded)

8                     -o0o-

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

27

# C E R T I F I C A T E

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **10th** day of **June**, 2016.

*Linda Ferrara*
Linda Ferrara
Transcription Plus II, Inc.

CET*D 656